IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Developers Surety and Indemnity Company<br><br>Plaintiff(s),<br><br>v.<br><br>Krause et al<br><br>Defendant(s). | Case No. 14 c 6275<br>Judge Virginia M. Kendall |

## ORDER

The Court denies the Defendants' Motion to Dismiss (Dkt. No. 13).

## STATEMENT

Plaintiff Developers Surety and Indemnity Company filed the instant action for breach of contract on August 14, 2014. Developers alleges that Defendants Krause Construction, LLC, Krause Construction Services, Inc., and Daniel J. Krause breached an Indemnity Agreement arising out of the issuance of multiple surety bonds by Developers. The Defendants contend that an employee of Developers illegally issued the surety bonds, and because the bonds were therefore unlawfully issued, no obligations accrued upon which to base a claim. (Dkt. No. 14 ¶3.) The Defendants point to a separate action filed by Developers against the employee who issued the contested surety bonds to the Defendants, the "Davis Complaint," arguing that purported inconsistencies in the allegations of the two cases bar Developers from further litigation of this action. The Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Because the Defendants fail to reference any legal doctrine or authority for their argument, and because factually, the allegations in the two complaints are not inconsistent, the Court denies the Defendants' motion.

This Court takes all facts alleged in the Complaint as true for purposes of this motion. *See Vinson v. Vermilion County, Ill.*, 776 F.3d 924, 925 (7th Cir. 2015). The Defendants procured multiple surety bonds from Developers. (Dkt. No. 1, Compl. ¶ 9.) In consideration of these bonds, the Defendants entered into an Indemnification Agreement with Developers on July 14, 2009. (*Id.* at ¶ 10.) Under the agreement, the Defendants indemnified Developers "for all losses incurred under the Bonds including costs, expenses, consultant and expert fees and attorneys' fees." (Compl. ¶ 10; Ex. A.) Developers received claims connected to the Defendants' surety bonds and incurred losses totaling $75,000, which Devlopers paid. (Compl. ¶ 12.) Developers sent the Defendants an Indemnity Demand Letter to recover losses on July 17, 2014 by certified mail. (Compl. Ex. B.) Developers proceeded to bring suit in this Court, alleging that the Defendants breached the Indemnity Agreement by failing and refusing to indemnify Developers from the claims raised against the surety bond. (Compl. ¶¶ 10-13.) The Defendants now move to dismiss.

In order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635,

639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court draws all reasonable inferences and facts in favor of the nonmovant. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

The Defendants argue that their "obligations under the Indemnity Agreement arise only in connection with Bonds that Developers issued" on behalf of the Defendants. (Dkt. No. 14 at 2). They point to a separate action filed in Will County, Illinois by Developers against John Davis, Crystal Davis, and J. Davis Consulting as proof that the Bonds were never legitimately issued. *See* Dkt. No. 14, Ex. A, *Developers Surety and Indemnity Co. v. John Davis, et al.* Case No. 11 L 0511 (the "Davis Complaint"). The Davis Complaint details allegations of fraud in John Davis' issuance of multiple surety bonds, including those issued on behalf of the Defendants. The Defendants contend that the Davis Complaint constitutes Developers' admissions that such bonds were not duly issued, and as such Defendants incur no obligation under the Indemnity Agreements contained within the Bonds. According to the Defendants, Developers' contention in the Davis Complaint that the Bonds were fraudulently issued "directly contradict[s]" their allegations in the instant case that such Bonds are enforceable." (Dkt. No. 14 at 5.) The Defendants argue that Developer's admissions establish that no obligation was created and this action should therefore be precluded.

As an initial matter, the Defendants fail to develop their argument in any meaningful way because they cite to no authority that states that inconsistent allegations in another complaint preclude the allegations here. *See United States v. Adams,* 625 F.3d 371, 378 (7th Cir. 2010) (failing to develop argument in any meaningful way waives that argument); *United States v. Elst,* 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived."). The Defendants' motion does not include reference to any legal doctrine or authority in support of their position. *See United States v. Hook*, 471 F.3d 766, 773 (7th Cir. 2006) (Failure to provide citation support waives argument.) As the Defendants failed to cite any case law or invoke any authority in support of their proposition, their argument is waived. Accordingly, the Court denies the Defendants' motion.

Waiver aside, the Court denies the motion on its merits. Judging by the Defendants' stance in their motion, the Court presumes that the Defendants are arguing that Developers is either collaterally estopped or judicially estopped from relying on a position here that is inconsistent with the position taken in the Davis proceeding. Judicial estoppel "provides that a party who prevails on one ground in a prior proceeding cannot turn around and deny that ground in a subsequent one." *Butler v. Village of Round Lake Police Dept.,* 585 F.3d 1020, 1022–23 (7th Cir. 2009); *Commonwealth Ins. Co. v. Titan Tire Corp.,* 398 F.3d 879, 887 (7th Cir. 2004) ("Judicial estoppel prevents a party that has taken one position in litigating a particular set of facts and prevailed under that position from later reversing its position when it is to its advantage to do so."(citation and marks omitted)). Collateral estoppel "bars the resurrection of issues that were actually litigated and decided." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 913 (7th Cir. 1993). Neither doctrine applies here.

The circumstances warranting the application of judicial estoppel are not "reducible to any general formulation of principle." *Matter of Cassidy,* 892 F.2d 637, 641 (7th Cir. 1990); *see also Commonwealth Ins. Co.,* 398 F.3d at 887 (stating that because it is an equitable concept, the "law in this area is flexible"). There are, however, several factors that inform a court's decision of whether to apply the doctrine in a particular case. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Courts first look to whether the most recent position is clearly inconsistent with the earlier position. *Id.* Second, courts inquire whether the party's earlier position prevailed. *Id.* Third, courts determine whether "the party seeking to assert

an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751. The Defendants present no evidence that the Plaintiff prevailed on its prior ground or that the prior proceeding terminated. *See id.* at 750-51 ("Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations") (citation and marks omitted). For these reasons, judicial estoppel does not apply.

Similarly, collateral estoppel prevents the relitigation of an issue when four conditions are met. First, "the party against whom the issue had been resolved must have had, first, a 'full and fair opportunity' to litigate the issue in the previous suit." *DeGuelle v. Camilli*, 724 F.3d 933, 935 (7th Cir. 2013) (quoting *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979)). Second, the issue sought to be precluded must be identical to an issue involved in the prior litigation. *Gray v. Lacke*, 885 F.2d 399, 406 (7th Cir. 1989). Additionally, "the issue must have been actually litigated and decided on the merits in the prior litigation" and "the resolution of that issue must have been necessary to the court's judgment." *Id.* *See also, e.g., Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *United States v. Kashamu*, 656 F.3d 679, 685–86 (7th Cir. 2011); *In re Catt*, 368 F.3d 789, 791–92 (7th Cir. 2004). Collateral estoppel does not apply here because the Defendants have not presented the Court with a final judgment on the merits in Developers' suit against Davis. As the issues in that action have not actually been litigated, the first, third, and fourth threshold conditions have not been met and collateral estoppel cannot apply.

Most fundamentally, however, nothing presented in the Defendants' motion suggests that Developers' pleadings are inconsistent between the two cases. Developers' allegation of common law fraud against Davis in a separate action is not inconsistent with the allegations against the Defendants here. Each claim depends upon discrete sets of facts creating distinct causes of action. The Defendants present no facts or argument to suggest that liability did not affix from the surety bonds it procured from Developers, nor does Developers deny that such bonds created contractual obligations for both parties. Developers can consistently sue Davis for fraud while simultaneously recognizing that it is liable for claims under the issued bonds. In fact, in its response brief, Developers states that it "was required to honor the bonds and fulfill its obligations by satisfying third-party claims" and that it recognizes that "Davis, as an agent, bound Developers under the Bonds." (Dkt. No. 23, Resp. Brief at 4). In fact, the Davis Complaint itself explicitly alleges that "Davis had authority to authorize surety bonds for Developers" and "had authority to sign and issue surety bonds for Developers." (Davis Complaint ¶¶ 9-10.) These additional allegations further demonstrate that the two complaints are not inconsistent. *See Geinosky v. City of* Chicago, 675 F.3d 743, 745 n. 1 (7th Cir. 2002) (in opposing a Rule 12(b)(6) motion to dismiss, a plaintiff may assert new facts or elaborate on his factual allegations so long as the new elaborations are "consistent with the pleadings."). Moreover, the Federal Rules of Civil Procedure expressly permits litigants to present alternative and inconsistent claims. Fed. R. Civ. P. 8(d)(2)-(3). Such claims should not be invoked as an admission against an alternative or inconsistent claim. *See, e.g*. *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985). The Defendants have not established any inconsistencies or defects in Developers' Complaint here. Accordingly, the Court denies the Defendants' motion to dismiss.

Date: 6/29/2015

                                                Virginia M. Kendall
                                                United States District Judge